IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | } | |
| | } | |
| Calvin E. Brown, | } | Case No. 14-40530-JJR13 |
| | } | |
| Debtor. | } | |

_____

| | | |
|---|---|---|
| Calvin E. Brown, | } | |
| | } | |
| Plaintiff, | } | |
| v. | } | AP No. 15-40021-JJR |
| | } | |
| Midland Credit Management, Inc., | } | |
| and Heather Lynch, | } | |
| | } | |
| Defendants. | } | |

OPINION AND ORDER DISMISSING ADVERSARY PROCEEDING

This adversary proceeding is before the court on the Motion to Dismiss (AP Doc. 3) filed by defendant, Midland Credit Management, Inc. ("Midland"). The plaintiff-debtor alleged in her complaint (AP Doc. 1) that this proceeding is core under 28 U.S.C. § 157(b) because it arose in a case under title 11 of the United States Code, and, therefore, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 157(b) and 28 U.S.C. § 1334. Midland denied that this court has subject matter jurisdiction because the basis of this adversary proceeding—a proof of claim filed by Midland—was withdrawn before the adversary proceeding was filed. Accordingly, Midland asked the court to dismiss this adversary proceeding based upon lack of subject matter jurisdiction, or alternatively, based upon the res judicata effect of the confirmed plan—the plan was confirmed after the claim was filed and before the adversary proceeding was commenced. Notwithstanding Midland's contrary position, the court finds that this proceeding is core under 28 U.S.C. § 157(b)(2)(A), (C) and (O), because it involves the administration of the debtor's

1

estate, is best described as a counterclaim against persons who filed a claim against the estate (even though that claim was later withdrawn), and affects the adjustment of the debtor-creditor relationship between Midland and the debtor. Accordingly, pursuant to 28 U.S.C. § 157(b)(3), the court finds that it has jurisdiction over the subject matter and parties to this action and may enter a final order.

The facts are not in dispute. The resolution of Midland's motion is also controlling as to its agent, defendant Heather Lynch ("Lynch" and together with Midland, the "defendants"), who signed proof of claim 9 in her capacity as an employee of Midland. The claim, filed May 28, 2014, revealed on its face that it was subject to disallowance because the underlying debt was barred by Alabama's six-year statute of limitations for actions on an account stated.[1] In fact, the claim was withdrawn on October 1, 2014 (Doc. 33), after confirmation in June 2014 of a zero-percent composition plan and before the debtor filed any objection or adversary proceeding related to the claim. Approximately eight months after the claim was withdrawn, eleven months after confirmation, and 364 days after the claim was filed, the plaintiff filed the instant adversary proceeding, alleging that the act of filing the claim was a violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692e and f, specifically) under the rationale of *Crawford v. LVNV Funding, LLC* (*In re Crawford*), 758 F.3d 1254 (11th Cir. 2014), *cert. denied*, ---U.S.---, 135 S. Ct. 1844 (2015).

The issue in this case is whether the debtor can maintain an adversary proceeding under the FDCPA based upon the filing of a claim on a stale debt when the claim was withdrawn

---

[1] Alabama Code 1975 § 6-2-34 reads in relevant part: "The following must be commenced within six years: . . . (4) Actions founded on promises in writing not under seal; . . . (5) Actions for the recovery of money upon a loan, upon a stated or liquidated account or for arrears of rent due upon a parol demise; . . . (9) actions upon any simple contract or specialty not specifically enumerated in this section."

before the debtor filed any objection or adversary proceeding regarding the claim. The court has considered the arguments and briefs of counsel, the relevant statutory authority and case law, and finds that the instant proceeding is due to be dismissed with prejudice.

Rule 3006[2] of the Federal Rules of Bankruptcy Procedure provides in relevant part:

> A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against the creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice . . . ."[3]

In examining the effect of a withdrawal of a claim under Rule 3006, courts look to analogous provisions of Rule 41(a) of the Federal Rules of Civil Procedure ("FRCP"), which is similarly worded and from which Rule 3006 was derived. *See Smith v. Dowden*, 47 F.3d 940, 942-43 (8th Cir. 1995). "The effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) [of the FRCP] is to render the proceedings a nullity and leave the parties as if the action had never been brought." *Id.* at 943 (quotation and citations omitted). It follows that under Rule 3006, the successful withdrawal of a claim prior to the initiation of an adversary proceeding "renders the withdrawn claim a legal nullity and leaves the parties as if the claim had never been brought." *Id.*

Although the Eighth Circuit went on in the *Smith* case to address the effect on the court's equitable jurisdiction, this court need not go that far. It is sufficient to find, in conformity with *Smith*, that the withdrawal of the claim means that the claim is a legal nullity and that the underlying bankruptcy case continues in all respects as though the claim were never filed.

---

[2] References herein to a "Rule" refer to a Federal Rule of Bankruptcy Procedure, unless otherwise indicated.

[3] Merely filing a proof of claim in a case is not a significant participation in the case, and there was no evidence that Midland either accepted or rejected the debtor's plan.

3

Therefore, inasmuch as Midland's claim was withdrawn before the plaintiff-debtor filed her complaint, no FDCPA adversary proceeding may be premised upon Midland having filed the claim. Simply stated, Midland's claim 9 cannot be the basis for an action that was commenced after claim 9 was properly withdrawn. *See also Cruisephone, Inc. v. Cruise Ships Catering and Services, N.V. (In re Cruisephone)*, 278 B.R. 325, 333 (Bankr. E.D.N.Y. 2002) ("[I]t seems reasonably clear and makes eminent sense that, upon the successful withdrawal of a proof of claim pursuant to Bankruptcy Rule 3006, the withdrawn proof of claim is a legal nullity and the parties are left as if the claim had never been filed. Stated otherwise, upon withdrawal of the Proof of Claim by [the creditor], the Proof of Claim is *in toto* nonexistent, including the designation [of the law firm to receive notice in the case].") (citations omitted).

Accordingly, Midland's Motion to Dismiss is GRANTED, and this adversary proceeding is hereby DISMISSED with prejudice with respect to both defendants, costs taxed as paid. The clerk is directed to close this adversary proceeding after the time for appeal has lapsed if no appeal is sought.

So done and ordered this 29th day of September 2015.

/s/ James J. Robinson
JAMES J. ROBINSON
CHIEF U.S. BANKRUPTCY JUDGE

4